IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JACK THOMAS CURRIE,**

    Plaintiff,

vs.                                           Case No. 4:05cv287-WS/WCS

**FLORIDA PAROLE COMMISSION,**
et al.,

    Defendants.

                                       /

**O R D E R**

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983.  Doc. 1.  As Plaintiff has now paid the assessed initial partial filing fee, docs. 4, 6, the complaint has been reviewed pursuant to 28 U.S.C. § 1915A.  Additionally, Plaintiff's notice of inquiry, doc. 7, has been reviewed and Plaintiff should be aware that his compliance was timely, but there is an inevitable period of delay due to the volume of cases pending in this Court.

Plaintiff's allegations raise numerous claims against the Florida Parole Commission and the three individual members of the Commission.  Plaintiff is challenging the statute which reduced the number of parole commissioners from seven

to three, as well as the procedures and process that are used in parole hearings. For example, Plaintiff contends he is denied the right to be heard and be present at a final parole hearing, lack of notice for the hearing, and being denied counsel. Plaintiff also contends that due process is violated when the Commission is allowed to alter "their own rules as an administrative agency of the executive branch" and when the Commission does not apply the youthful offender matrix when considering Plaintiff for parole. Those claims cannot proceed in this case, however, because there is no right to parole in Florida.

Florida's parole system leaves the decision of whether or not to grant parole "to the discretion of the [Parole] Commission . . . ." Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir.), *cert. denied*, 479 U.S. 830 (1986), *citing* Moore v. Florida Parole & Probation Comm'n, 289 So. 2d 719 (Fla. 1974). "There is no constitutional right to parole in Florida." Jonas, 779 F.2d at 1577, *citing* Hunter v. Florida Parole & Probation Comm'n, 674 So. 2d 847, 848 (11th Cir. 1982).[1] In Hunter v. Florida Parole & Probation Commission, the Court rejected a claim that the Commission improperly calculated a presumptive parole release date and, thus, violated due process, holding that because there was no liberty interested in parole, there was no due process violation. Hunter, 674 F.2d at 848. All of Plaintiff's due process claims must fail because without a right to parole, there is no due process right to the procedures or process.

To the degree Plaintiff is raising *ex post facto* claims, Plaintiff will be required to submit an amended complaint. Plaintiff is challenging the delay in parole hearings and

---

[1] "It is the intent of the Legislature that the decision to parole an inmate from the incarceration portion of the inmate's sentence is an act of grace of the state and shall not be considered a right." FLA. STAT. § 947.002(5).

contends that when his crime was committed, he was entitled to parole hearing interviews annually.  Plaintiff's hearings have been changed to "biennially and finally to every five years presently . . . ."  Doc. 1, p. 9.  It appears that the Parole Commission has slated Plaintiff's case to be reviewed again in five years from his last interview date in 2004.  Plaintiff should clarify that fact in his amended complaint.  Plaintiff may not, however, litigate claims that are more than four years old as they are barred by the statute of limitations.

In Lovett v. Ray, 327 F.3d 1181 (11th Cir. 2003), a state prisoner brought suit pursuant to 42 U.S.C. § 1983 asserting that the retroactive application of a new Georgia parole policy violated the Ex Post Facto Clause.  The period of limitations was two years under Georgia law.  The prisoner had been notified by defendants in September, 1998, that he would not be considered for parole until 2006.  The court held:  "As of that time he knew, or should have known, all of the facts necessary to pursue a cause of action . . . ."  327 F.3d at 1183.  The claim, which was filed more than two years later, was held to be untimely.  Id.  The court further held that the claim was not a continuing violation: "Here, the defendants' act (deciding not to consider Lovett for parole again until 2006) was a one time act with continued consequences, and te limitations period was not extended."  Id.  In a subsequent case, the court also held that:  "Each time [the prisoner's] parole reconsideration hearing is set, it does not amount to a distinct and separate injury."  Brown v. Georgia Board of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003).  That is so because it is the initial decision applying the policy, not the continued application of the policy, which triggers the running of the statute of limitations.  Id.  "The successive denials of parole do not involve separate factual

predicates and therefore do not warrant separate statute-of-limitations calculations." *Id*. at 1262.

In submitting an amended complaint, Plaintiff may not complain about the two-year delay in parole hearings because those delays began in 1987, well outside of Florida's four year statute of limitations.[2]  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988).  Plaintiff's claims which arose prior to August 9, 2001, (four years before this case was filed) are barred by the statute of limitations and must be omitted from the amended complaint.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Plaintiff should omit listing the Florida Parole Commission as a Defendant because such an agency is not a "person" which may be sued under 42 U.S.C. § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 64-71, 109 S.Ct. 2304, 2308-11, 105 L.Ed.2d 45 (1989).

---

[2] A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988).

Plaintiff should clearly describe the basis for his claims, providing factual details. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *See*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting the claims, Plaintiff must set forth each allegation in a separately numbered paragraph.  Under FED. R. CIV. P. 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances."

To amend the complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  The amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original complaint.  An amended complaint completely replaces all previous complaints and they are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint containing an original signature with the Court and keep an identical copy for himself. Plaintiff need not file service copies until instructed to do so by the Court.

Accordingly, it is

**ORDERED:**

1.  The Clerk of Court is directed to forward to Plaintiff a § 1983 complaint form along with one additional copy of the complaint, if available, so that Plaintiff can file the amended complaint in its entirety.

2.  Plaintiff shall have until **November 15, 2005**, to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3.  **Failure to comply with this Court order may result in a recommendation of dismissal of this action.**

Case No. 4:05cv287-WS/WCS

4.  The Clerk of Court shall return this file to the undersigned upon receipt of Plaintiff's amended complaint or no later than November 15, 2005.

**DONE AND ORDERED** on October 17, 2005.

<u>s/    William C. Sherrill, Jr.</u>
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**